## BIGELOW vs. FINCH.

An estate at will, or by sufferance, cannot be sold under an execution; nor an interest in a contract for the purchase or leasing of land.

A tenancy from year to year falls under the legal definition of an estate for years, and is classified in the revised statutes as a chattel real, and is subject to the lien of a judgment, and bound by it.

But if an execution is issued against a tenant from year to year, and his interest in the land is sold, upon execution, and the right of the purchaser to hold for the remainder of the year terminates by the expiration of the year, before he obtains his deed from the sheriff, he will obtain no title to the premises.

THIS was an action of ejectment to recover the possession of a piece of land occupied by the defendant, situated in Stephentown, in the county of Rensselaer, and containing about 46 or 47 acres. It was commenced on the 5th of April, 1848, and was first tried at the Rensselaer circuit on the 10th day of October, 1849, when a verdict for the plaintiff was directed by the judge, which was afterwards, upon exceptions taken by the defendant, set aside by this court. It was again tried at the Rensselaer circuit on the 12th day of April, 1852, when a verdict for the plaintiff was directed and entered, subject to the opinion of this court on a case.

Both the plaintiff and defendant claimed under Stephen Van Rensselaer or his son William P. Van Rensselaer. And it was conceded by the plaintiff that the said Stephen was the original patentee of the *locus in quo*, and continued to receive the rents thereof until his decease on the 26th day of January, 1839; and that if the title thereof had not passed out of him prior to his death, and if it would pass by devise of the said Stephen, then that it became vested in the said William P., upon the decease of the said Stephen. The plaintiff claimed title to the premises by virtue of a purchase at a sheriff's sale, under an execution against Morgan Harris and Orry G. Harris, on the 29th of December, 1841. The defendant claimed under a lease in fee, executed by William P. Van Rensselaer to him, on the 3d of

Bigelow *v.* Finch.

May, 1844. The other material facts appear from the opinion of the court.

*J. S. Colt,* for the plaintiff.

*Seymour & Romeyn,* for the defendant.

*By the Court,* Parker, J. Both parties claim the premises in question under the Van Rensselaer title. The plaintiff has succeeded to all the right and title which Orry G. Harris had on the 29th day of December, 1841, by a purchase under a judgment and execution against Morgan Harris and Orry G. Harris; and he claims that at that time Orry G. Harris had such an interest in the land as was subject to the lien of the judgment. It appears that at that time no written lease of the land had ever been executed, either by Stephen Van Rensselaer, deceased, or by William P. Van Rensselaer, who succeeded to the title on the decease of his father in 1839, but it had been occupied since the year 1800 by persons who had paid annual rents. The first occupant, Benoni Purdy, was succeeded by William Hoag, who continued to pay rent to Mr. Van Rensselaer, and he was succeeded by Elkanah Hoag, Uri Hoag, Morgan Harris and Orry G. Harris successively, each of whom paid such rent during the time he was so in possession. In the conveyances from each occupant to his successor, there is generally reference made to the rent due to the landlord. On the 3d of May, 1844, the defendant obtained from William P. Van Rensselaer a lease in fee of the premises in question, but he had gone into possession in April, 1842, under a contract with Orry G. Harris, from whom he took a quitclaim deed on the 7th day of June, 1842. The purchase at sheriff's sale was made by the plaintiff on the 26th day of September, 1846, and the sheriff's deed was received on the first of January, 1848.

The question first presented for decision is, whether Orry G. Harris had any interest on which a lien by way of judgment could attach. If he had not, the plaintiff has failed to sustain the action. If he had, then it is further to be determined which party has the better title to the property in controversy.

Bigelow *v.* Finch.

An estate at will, or by sufferance, cannot be sold under an execution, (1 *R. S.* 722, § 5;) nor an interest in a contract for the purchase of land. (1 *R. S.* 744, § 4.) If the estate of Orry G. Harris belonged to either of these classes, the plaintiff got no title whatever by his purchase. It is highly probable, that Harris and the previous occupants held possession under some agreement or understanding with Mr. Van Rensselaer, that a lease should be executed. This is to be inferred, perhaps, from the fact that the possession was sold from time to time, and that rent was continued to be paid. If there was such an agreement, it was probably by parol, and therefore void by the statute of frauds; and if it was in writing it would not create an interest liable to sale under an execution. The most favorable view for the plaintiff that the case admits is, that Harris and his predecessors were tenants from year to year. Such an interest falls under the legal definition of an estate for years, (2 *Black. Com.* 112,) and is classified in the revised statutes as a chattel real, (1 *R. S.* 722, § 5,) and is declared to be subject to the lien of a judgment, and bound by it. (2 *R. S.* 359, § 3.)

But conceding that Harris had such an interest, and that the plaintiff succeeded to it by his purchase at the sheriff's sale, it terminated long before the plaintiff obtained his deed. In truth, the right of Harris to hold for the remainder of the year, when he sold to the defendant in 1842, was terminated by the expiration of the year, long before the sheriff's sale took place; and the defendant had succeeded to Harris as such tenant from year to year. The plaintiff can avail himself of no interest in Harris, except that upon which the judgment was a lien before the conveyance to the defendant. I do not see, therefore, that the plaintiff obtained any title by his purchase, although the judgment debtor may have had a chattel real interest on which the judgment was a lien. Neither Harris nor his predecessors had any title adverse to the title of Van Rensselaer; holding under him and paying to him an annual rent, they were not in a situation to claim adversely.

It seems to me plain, that the legal title never passed out of the Van Rensselaers, till the lease in fee was executed to the

defendant in 1848; and as both claim under that title, it is equally plain, that the defendant has established the better title, and is entitled to judgment.

[ALBANY GENERAL TERM, December 5, 1853.  *Parker, Wright* and *Harris*, Justices.]