## N. Y. MARINE COURT.

### George M. Mitnacht agt. Lydia C. Cocks *et al.*

*Summary proceedings — Execution sale of leasehold interest — Sale must be advertised and conducted as a sale of real property, to entitle the party to invoke the aid of summary proceedings.*

To maintain summary proceedings to remove a judgment debtor after a sale of leasehold interests on execution, the sale must be advertised and conducted as a sale of real property. Advertising and selling such interests as personal chattels do not satisfy the statutory requirement in regard to summary proceedings.

*Trial Term, March, 1883.*

Mitnacht agt. Cocks *et al.*

TRIAL without a jury.

The above named George M. Mittnacht instituted summary proceedings under the statute, to recover the possession of premises No. 129 Fifth avenue, in the city of New York.

The petitioner claims such possession as the purchaser at a sheriff's sale of all the right, title and interest of Lydia C. Cocks, a judgment debtor of, in and to two certain leases, to wit:

1. One made by Mary A. Kieff to the said Lydia C. Cocks of the aforesaid premises, No. 129 Fifth avenue, and of the furniture therein, for the term of eight months, commencing September 1, 1882, and terminating May 1, 1883.

2. The other made by Mary A. Kieff to Anna Franger of part of said premises, for a term commencing November 8, 1881, and terminating May 1, 1883, which lease was assigned to said Lydia C. Cocks, and was owned by her at the time of the sheriff's sale, which took place February 16, 1883.

It will be observed, therefore, that these leases had but two and a-half months to run at the time of the sheriff's sale.

The question presented is whether, under such circumstances, the petitioner has acquired such a title to said lease as authorizes him to invoke and maintain summary proceedings under the statute to recover possession of the premises claimed.

*C. Fine*, for petitioner.

*I. C. Williams* and *N. Cross*, opposed.

McADAM, *J.*— The leasehold interests of the judgment debtor were levied upon, advertised and sold as if they were personal property. This was probably legal (*Allen on Sheriff's*, 159). Having been advertised and sold as "chattel" interests they must be so regarded for all purposes in subsequent proceedings founded upon the sale. The statute invoked by the petitioner is entitled "Summary proceedings to recover the possession of real property," and section 2232 of the Code, under which the present proceeding was instituted provides * * * "that a person who holds over and continues in

Murtha agt. Curley *et al.*

possession of real property ⸱ * * * may be removed therefrom * * * where the property has been sold by virtue of an execution against him * * * and a title under the sale has been perfected." These provisions clearly indicate the legislative intent that in order to invoke the aid of summary proceedings there must be a sale of the leasehold interest, advertised and conducted in all respects like a sale of real property (3 *R. S.* [*6th ed.*], 638 ; *Bigelow* agt. *Finch,* 17 *Barb.,* 394). These proceedings are in derogation of the common law, and magistrates clothed with the power of entertaining them must find their authority in the statute or they are without jurisdiction.

The leasehold interest having been advertised and sold as personal property, the petitioner who purchased at the sale cannot invoke the aid of the statute, which in express terms limits its operation to real property. It follows that the proceeding must be dismissed for want of jurisdiction.