HERBERT *et al.* *v.* UHL.

(*Supreme Court, General Term, First Department.*   November 18, 1892.)

1. CORPORATIONS—ACTIONS AGAINST STOCKHOLDERS—EVIDENCE OF LIABILITY.
  Where, in a suit against a stockholder of a corporation to recover for a debt contracted by the corporation, the existence of the corporation is admitted, and its indebtedness to plaintiffs on a debt due and payable within one year from its contraction is proved, and the suit to recover that debt was brought against the corporation within one year, and judgment regularly obtained, and an execution issued, which has been returned wholly unsatisfied, the evidence is sufficient to establish a *prima facie* liability on the part of the stockholder.

2. SAME—PLEADING.
  Where it is alleged in the complaint that defendant was a stockholder in the corporation at the time the debt was contracted, and the answer admits that he has been a stockholder, but disclaims any knowledge concerning the debt, and denies it, it is an admission that he was a stockholder at the time mentioned.

3. SAME—CONTRACTS—SERVICES—PAYMENT WITH STOCK.
  Though stock may be issued in payment for services rendered a corporation, yet, where the evidence shows that one-fifth of the whole capital stock of a company is issued to a party for the promotion of its incorporation, the court should allow the jury to determine whether the services performed were fairly worth the amount of stock issued in alleged payment thereof, and whether the transaction was made in good faith.

4. APPEAL—PRESUMPTIONS.
  Where the record does not show that a certificate was put in evidence on the trial that the whole amount of the capital stock had been fully paid in, in accordance with the statutory requirements, the appellate court cannot assume that such certificate has been filed, even though counsel claims in his brief that the certificate was produced on the trial, and examined by the court, but not formally put in evidence.

Appeal from circuit court, New York county.

Action by Henry L. Herbert and Gilbert I. Herbert against Edward Uhl, as stockholder in the Consumers' Coal Company, an insolvent corporation, for an alleged indebtedness of that corporation to plaintiffs.   From a judgment dismissing the complaint, plaintiffs appeal.   Reversed.

Argued before VAN BRUNT, P. J., and O'BRIEN and LAWRENCE, JJ.

*Larned, Warren & Knapp,* (*Ira D. Warren,* of counsel,) for appellants. *Goepel & Raegener,* (*Louis C. Raegener* and *R. L. Maynard,* of counsel,) for respondent.

LAWRENCE, J. The action is brought against the defendant as a stockholder of the corporation known as the Consumers' Coal Company, which was organized under the general manufacturing act of 1848, and the several acts of the legislature extending and amending said act. In the complaint it is averred that between the 14th day of October, 1889, and the 28th day of October, 1889, both dates inclusive, plaintiffs sold and delivered to the said Consumers' Coal Company, at its request, in said city, certain goods, wares, and merchandise, consisting of coal, at a price agreed upon, and amounting in the aggregate to the sum of $1,154.66. It is further averred that the said company contracted to pay that sum immediately upon the delivery of said coal, which was within one year from the time the debt was contracted; that suit was commenced by the plaintiffs upon said debt, and judgment therefor was duly recovered, in the city court of New York, on the 6th day of December, 1889, in the sum of $1,297.50; that transcript of said judgment was duly docketed in the office of the clerk of the city and county of New York, and an execution thereupon duly issued to the sheriff of said city and county, which execution was returned wholly unsatisfied, and that no part of said sum has ever been paid to plaintiffs. The defendant, in his answer, admits the incorporation of the company, and "that he was a stockholder of said company." He denies an allegation in the complaint to the effect that the whole of the capital stock fixed and limited by the certificate of incorporation had never been paid in, and that no proper certificate stating the amount of the capital had ever been recorded in the office of the county clerk; and generally he denies all knowledge or information and belief as to the alleged transaction between the plaintiffs and the corporation upon which the judgment hereinbefore referred to was obtained. At the conclusion of the testimony the defendant's counsel moved to dismiss the complaint, among other grounds, on the ground that the plaintiffs have not made out a cause of action against the defendant, the stockholders' liability having ceased immediately upon the filing of a certificate of the full payment of the capital stock; that such a certificate had been filed in this case; and that, unless the plaintiffs could show that there was some falsity with reference thereto, that the property purchased for the use of the company was purchased at an exorbitant figure, and with fraudulent intent, to evade the statute, they have not made out their case. To the ruling of the court granting that motion the plaintiffs excepted.

It seems to us that the plaintiffs at the time they rested their case had established a *prima facie* liability upon the part of the defendant. The existence of the corporation was admitted. The indebtedness of the corporation to the plaintiffs had been proven. That the debt was due and payable within one year from its contraction was also proven. The suit to recover that debt was brought within one year. Judgment was regularly obtained in that action, and execution issued on said judgment had been returned wholly unsatisfied. It is claimed on the part of the defendant that the plaintiffs had failed to show that the defendant was a stockholder at the time the debt was contracted by the corporation. This position, we think, is erroneous. It is distinctly alleged in the complaint that the defendant, at the time when said debt was made and contracted, was a stockholder of the said Consumers' Coal Company, and owned 200 shares of the stock of said company, of the par value of $5 per share, being of the par value of $1,000 in the aggregate. The defendant, in his answer, admits that he was a stockholder of said company, and denies any knowledge or information sufficient to form a belief as to any and all other material allegations in the sixth count or subdivision in said complaint, and therefore denies the same. This is an admission that the defendant was a stockholder at the time stated in the sixth subdivision of the complaint, and it seems to us that the defendant cannot contend that the attempted denial with which that admission is coupled puts the plaintiffs upon proof as to the time when the defendant became a stockholder of the company. If he

was a stockholder, he was a stockholder at the time mentioned in the complaint, or at least the defendant is estopped from denying that he was such stockholder, in the absence of a positive denial that he was such stockholder at the time therein mentioned.    We think, too, that the plaintiffs had established, when the evidence closed, a *prima facie* case, which called upon the defendant for the answer, if answer he had, to the plaintiffs' claim under the statute.    While it is true, under the decisions which are referred to by the respondent in his brief, that stock may be issued in payment for services rendered to the company (see *Veeder* v. *Mudgett*, 95 N. Y. 295) if the evidence that the amount of stock issued for such alleged services is grossly in excess of the fair value thereof, the plaintiff has at least the right to go to the jury upon the question whether such services were actually rendered, whether they were fairly worth the amount of stock issued in alleged payment thereof, or whether the issuance of stock for alleged services was not in fact an evasion of the statute.    The evidence in this case shows that 20,000 shares of the stock of the company were issued to Mr. Schenck for general promotion and other things, and that he never paid a cent for it.    It may well be claimed that, even under the decisions relied upon by the defendant's counsel, services in the promotion of a company are not such as the company is authorized to pay for by the issuance of stock.    But whether that be so or not, the issuance of one fifth of the whole capital stock to Schenck for the promotion of the incorporation of the company strikes us as being so excessive as to have at least rendered it incumbent upon the court to submit the *bona fides* of the transaction to the consideration and determination of the jury.

The record does not show that a certificate that the whole amount of the capital stock had been fully paid in, in accordance with the statutory requirements, was put in evidence on the trial.    It is claimed by the respondent in his points that such certificate was produced, and examined by the court, but not put formally in evidence.    We are to go by the record in this case, and cannot assume, in the absence of any statement in the record that such certificate had been filed, that it was filed.    We are therefore of the opinion that it was error to dismiss the complaint; that the case should at least have been submitted to the jury upon the question of the *bona fides* and fairness of the issuing of the 20,000 shares of stock to Schenck; and that, therefore, the judgment should be reversed, and a new trial should be ordered, with costs and disbursements to appellants.

VAN BRUNT, P. J.    I concur in result.    The statute does not require filing certificate where stock is issued for property.

O'BRIEN, J., concurs in result.