GEORGE P. ROWELL AND OTHERS, RESPONDENTS, *v.* EDWARD W. LAMBERT, APPELLANT.

*Corporation — non-filing of a certificate of paid-up stock — the complaint of a creditor against a stockholder must show for what the stock was issued — liability of the holder of stock issued for property.*

In an action brought by a creditor of a corporation, organized under the general manufacturing act, to recover the amount of his claim from the defendant, as a stockholder of such corporation, upon the ground that no certificate of paid-up stock had been filed, the defendant moved to dismiss the complaint because there was no allegation in it that the stock was issued for cash rather than for property. Upon an appeal by the defendant from an order denying the motion:

*Held,* that such an allegation was necessary, and that the issuing of stock for property was not an affirmative defense.

That, since the passage of chapter 333 of the Laws of 1853, amending chapter 40 of the Laws of 1848, the general manufacturing act, it had been permitted to issue stock for property, and the holders of such stock were not liable thereon even though the certificate required by section 10 of chapter 40 of the Laws of 1848 had never been filed.

That, therefore, a complaint, simply alleging a failure to file such certificate, did not state a cause of action, since the stockholder might hold stock issued for property.

That if one seeks to attack an issue of stock for property, and thereby create in his favor a cause of action, he must allege that such issue was for property received by the corporation at a fraudulent valuation.

That the burden of establishing fraud is upon the person asserting it.

APPEAL by the defendant Edward W. Lambert from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 31st day of March, 1892, upon a

verdict for the plaintiffs for $545, directed by the court after a trial at the New York Circuit before the court and a jury.

*D. W. Richards,* for the appellant.

*Philip Carpenter,* for the respondents.

Van Brunt, P. J. :

This action was brought to recover from the defendant, as stockholder of a manufacturing corporation, a debt owing by the corporation to the plaintiffs on the ground that no certificate of full payment of capital stock was filed as required by the act of 1848. The defendant moved for judgment dismissing the complaint, because there was no allegation that the stock was issued for cash rather than for property. The motion was denied; and the plaint iffs made formal proof of debt, of judgment against the corporation, and return of execution unsatisfied and rested. The defendant again moved to dismiss, which motion was denied, the court holding that the issuance of stock for property was an affirmative defense, and must be proved. The defendant offered no evidence, and the court directed a verdict for the plaintiffs, and, from the judgment thereupon entered, this appeal is taken.

In this ruling we think error was committed. It is plain from an examination of the complaint that the theory upon which the action was tried, was that because no certificate that the whole amount of the capital stock fixed and limited by the articles of incorporation of said corporation had been paid in, had been filed and recorded as required by sections 10 and 11 of chapter 40 of the Laws of 1848, and their amendments, a liability existed upon the part of the defendant as a stockholder. And the question involved upon this appeal is whether a cause of action is alleged against the stockholder of a corporation when the complaint alleges the ownership of stock and the failure to file the certificate required by section 10 of the statute above mentioned. Section 10 requires that all stockholders shall be severally liable to the creditors to the amount of their capital stock until the capital is paid in, and a certificate thereof recorded. The president and trustees were, by section 11, required to make and record this certificate, and, as the law originally stood, section 14 provided that nothing but money should be considered as

payment of any part of the capital stock. In 1853 an act was passed providing that the trustees of such corporation might purchase property necessary for their business, and issue stock to the amount of the value thereof in payment therefor, and that the stock so issued should be declared and taken to be full stock and not liable to any further calls; neither should the holder thereof be liable for any further payments under the provisions of section 10.

It seems, therefore, that under the language of this act, where stock was issued for property, the necessity for filing a certificate does not exist, as it is provided that the holder of such stock shall not be liable for any further payments under the provisions of section 10 of the act. Therefore, if the stock was isssued for property at its value, there can be no further call made upon the stockholder whether the certificate is filed or not. Hence a complaint, simply alleging failure to file a certificate does not set up a cause of action against a stockholder, because such stockholder may be a holder of stock issued for property at its value. And this seems to have been what was held in the case of *Brown* v. *Smith* (13 Hun, 408), and affirmed by the Court of Appeals (80 N. Y., 650).

A similar rule was recogized in the case of *Douglass* v. *Ireland* (73 N. Y., 100), where it is held that in order to maintain a recovery upon the ground that stock was issued in excess of the value of the property, it must be shown that the purchase was in bad faith and to avoid the statute. In other words the transaction must be impeached for fraud, but not for error of judgment or mistaken views of the value of the property, inasmuch as good faith in the exercise of an honest judgment is all that is required. The liability resting in fraud, it is a cardinal rule of the law that the party claiming must establish the existence of the fraud, and it cannot be presumed, and that a party defendant is never compelled to establish that there was no fraud.

Applying this principle to the case at bar it is apparent that it is necessary, in order to make out a complete cause of action against a stockholder, to show either that the stock was issued apparently for cash and no certificate filed, or that it was issued for property at a fraudulent valuation for the purpose of evading the statute. It cannot be, therefore, that a stockholder who seeks to evade liability

must show the facts entitling him to relief. We think that the principles laid down in *Wheeler* v. *Millar* (90 N. Y., 353), cited by the respondent, are entirely misapplied. The fact that a party is the holder of stock issued for property is not a defense, because the mere absence of a certificate creates no cause of action. The plaintiff must allege, if the stock has been issued for property, that it has been taken at a fraudulent valuation in order to set out a good cause of action. It is claimed that this rule is a great hardship, and that creditors are not expected to know whether stock has been issued for cash or property, which is a fact peculiarly within the means of the knowledge of the stockholder. That this argument cannot prevail is strikingly illustrated by the case of *Griffeth* v. *Green* (129 N. Y., 517), where the liability depended upon the fact of the stock held by the party being part of an increase of the capital stock. Under those circumstances in order to a recovery the plaintiff was required to allege and prove this fact.

It has been suggested that the case last cited was in conflict with the previous cases with reference to the necessity of the filing of the certificate and the question of the burden of proof. We have examined the case in vain to find anything in conflict with the previous case upon this point, and we think that a reading of the statute clearly shows that no liability exists even where a certificate is not filed for stock issued for property unless fraud is established.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide event.

O'BRIEN, J., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.