ISAAC P. POWERS, Appellant, *v.* HIRAM KNAPP, Respondent.

*Liability of stockholder under section* 10 *of chapter* 40 *of* 1848, *as amended by chapter* 333 *of* 1853 — *stock issued for property is liable neither for calls by the corporation nor for claims against it.*

In an action brought against a stockholder of a corporation organized under the provisions of chapter 40 of the Laws of 1848, to charge him with the liability created by section 10 of said act (providing that stockholders shall be liable until the stock is paid in full and a certificate thereof shall be recorded), for a debt held by the plaintiff against the corporation, the defense interposed was based upon the provisions of section 2 of chapter 333 of the Laws of 1853 (an act to amend chapter 40 of the Laws of 1848), which provided that the trustees of a corporation organized under chapter 40 of the Laws of 1848 might purchase mines, manufactories and other property necessary for their business, and issue stock to the amount of the value thereof in payment therefor, and that the stock so issued should be declared and taken to be full stock and not liable to any future calls, and that the holders thereof should not be liable for any further payments under the provisions of section 10 of said act.

It was found by the jury that the stock held by the defendant was issued in payment for property purchased by the corporation. That the property so purchased was fairly worth the face value of the stock issued therefor, or, if not, that the overvaluation of the property was the result of an honest mistake as to its value, and was not the result of dishonesty or fraud.

*Held,* that the clear purpose of the Legislature, by the enactment of chapter 333 of the Laws of 1853, was to exempt the holder of such stock from the liability imposed by the provisions of section 10 of chapter 40 of the Laws of 1848;

That under such amendment a part or the whole of the stock of the corporation organized under such act might be paid for by the purchase of property at its fair value, and when thus paid for the holder of the stock was not afterwards liable either for calls by the corporation or for claims against it.

APPEAL by the plaintiff, Isaac P. Powers, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Jefferson on the 28th day of March, 1894, upon the verdict of a jury rendered after a trial at the Jefferson Circuit, and also from an order bearing date the 4th day of December, 1893, and entered in said clerk's office denying the plaintiff's motion for a new trial.

*Hannibal Smith,* for the appellant.

*Watson M. Rogers,* for the respondent.

MARTIN, J.:

This action was brought against the defendant as a stockholder of the Winslow & Knapp Lumber Company to recover a debt held by the plaintiff against that corporation. The Winslow & Knapp Lumber Company was incorporated under the provisions of chapter 40 of the Laws of 1848 and the subsequent acts amendatory thereof and additional thereto.

The action was founded upon the provisions of section 10 of that act, which reads: "All the stockholders of every company incorporated under this act shall be severally individually liable to the creditors of the company in which they are stockholders to an amount equal to the amount of stock held by them respectively for all debts and contracts made by such company until the whole amount of capital stock fixed and limited by such company shall have been paid in, and a certificate thereof shall have been ·made and recorded as prescribed in the following section ; and the capital stock, so fixed and limited, shall all be paid in, one-half thereof within one year and the other half thereof within two years from the incorporation of said company, or such corporation shall be dissolved."

The defense is based upon the provisions of section 2 of chapter 333 of the Laws of 1853, which was an act to amend chapter 40 of the Laws of 1848. Section 2 declares: " The trustees of such company may purchase mines, manufactories and other property necessary for their business, and issue stock.to the amount of the value thereof in payment therefor; and the stock so issued shall be declared and taken to be full stock and not liable to any further calls ; neither shall the holders thereof be liable for any further payments under the provisions of the tenth section of the said act ; but in all statements and reports of the company to be published this stock shall not be stated or reported as being issued for cash paid into the company, but shall be reported in this respect according to the fact."

On the trial, at the close of the evidence, the court, following a former decision of this court (71 Hun, 371), held that the defendant was a stockholder in the Winslow & Knapp Lumber Company and liable for the amount of the plaintiff's debt, unless the stock held by him was issued under the provisions of the amendatory statute passed in 1853.

The questions whether the stock held by the defendant was issued in payment for property purchased by the corporation, whether, if the stock was issued for property, it was fairly worth the face value of the stock, or, if the property was valued too high, whether such valuation was fraudulent, were submitted to the jury in a charge to which there was no exception. The jury found for the defendant. While the evidence bearing upon these questions was conflicting, still a careful reading of it renders it clear that it was sufficient to justify the verdict if the jury gave credit to the testimony of the defendant's witnesses. The question of the credibility of the witnesses was for the jury. We are of the opinion that under the evidence the questions submitted were questions of fact for the jury; that the evidence was sufficient to justify its verdict; that the verdict was not so clearly against the weight of evidence as to authorize this court to disturb the judgment, and that the finding of the jury upon the questions submitted should be regarded as final. Therefore, in the further discussion of the case, it will be assumed that the stock held by the defendant was issued in payment for property purchased by the corporation; that the property so purchased was fairly worth the face value of the stock issued therefor, or, if not, that the overvaluation of the property was the result of an honest mistake as to its value, and was not the result of dishonesty or fraud.

Assuming these to be the facts, it would seem that the provisions of the amendment of 1853 were sufficient to relieve the defendant from the liability sought to be enforced by this action. The only liability incurred by the defendant, if any, was that created by section 10 of the statute of 1848, and but for the amendment of 1853 the defendant would have been liable under section 10, and the court so held. Obviously, the purpose of that amendment was to authorize the creation of a class of stockholders who would be free from the liability imposed by section 10, and as to whom none of the provisions of that section should apply. The amendment of 1853 in clear and positive terms declares that such stockholders shall not be liable "for any further payments under the provisions of the tenth section." Clearly the purpose of the Legislature was to exempt the holder of such stock from any liability under the pro-

visions of section 10 of the original act, and no stronger or plainer language could have been employed to express that purpose.

Under that amendment a part or the whole of the stock of such a corporation may be paid for by the purchase of property at its fair value, and when thus paid for the holder of the stock is not afterwards liable either for calls by the corporation or for claims against it. (*Schenck* v. *Andrews*, 46 N. Y. 589.) If any part of the stock of such a corporation has been so issued without fraud in the valuation of the property, the holders thereof cannot be made liable to creditors either by a failure of the stockholders to pay the remainder of the capital, or by an omission of the officers of the company to record the certificate of such payment. (*Brown* v. *Smith*, 13 Hun, 411; affd., 80 N. Y. 650.) A mere mistake or error of judgment of the trustees, either as to the necessity of the purchase or as to the value of the property, if made in good faith and not in evasion of the statute, will not subject the holder of stock issued for property to the liability provided by section 10. Section 2 of the statute of 1853 gives the trustees a discretion, and they are to be the judges both as to the necessity for the property purchased and as to the value of it. Good faith and the exercise of a proper discretion and honest judgment are all that is required. (*Schenck* v. *Andrews*, 57 N. Y. 133; *Boynton* v. *Andrews*, 63 id. 93; *Douglass* v. *Ireland*, 73 id. 100.) The questions in the case whether the property purchased was worth the nominal value of the stock or believed by the trustees to have been of that value, or whether the transaction was a sham by which the trustees sought to evade the statute, were questions of fact and properly submitted to the jury. (*Lake Superior Iron Co.* v. *Drexel*, 90 N. Y. 87, 94.) "A discrepancy in the opinions of witnesses upon the question of value cannot be considered as sufficient to establish fraud so as to render a stockholder individually liable." (*Boynton* v. *Andrews*, 63 N. Y. 95.) One who seeks to attack stock issued for property, and thereby to create a cause of action in his favor against a stockholder, must allege that such stock was issued for property received by the corporation at a fraudulent valuation, and the burden of establishing fraud is upon him. (*Rowell* v. *Lambert*, 66 Hun, 4.) We think the principle of these cases fully justified the court in sub-

mitting the questions it did to the jury, and requires us to uphold the judgment upon the merits.

Our attention is called by the appellant to several rulings made by the trial judge as to the admission and rejection of evidence. Each of the exceptions to such rulings has been carefully examined, but we find none that present any error that is prejudicial to the plaintiff. It should be borne in mind that the only questions submitted to the jury were whether the stock held by the defendant was property stock, and, if so, whether it was fraudulently issued. While evidence was admitted which tended to show that the defendant was not a stockholder in the corporation against which the plaintiff's debt existed, yet, at the close of the evidence, the court held, as a matter of law, that the defendant was such a stockholder. This did not render the evidence which tended to show that he was not a stockholder inadmissible at the time when it was admitted, as the court could not then have known that the defendant would not be able to furnish sufficient proof to establish that fact. Therefore, it cannot be said that when the evidence was offered it was inadmissible. Moreover, if the evidence was inadmissible, its admission could not have prejudiced the plaintiff, and the error should be disregarded.

Thus we are led to the conclusion that the questions at issue between the parties in this case were properly submitted to the jury; that the evidence was sufficient to uphold its verdict; that none of the exceptions taken to the admission or rejection of evidence are sufficient to justify a reversal, and that the judgment should be affirmed.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment and order affirmed, with costs.