HENRY L. HERBERT and Another, Respondents, v. JOHN DURYEA, Appellant.

*Motion to dismiss a complaint — liability of a stockholder of a corporation, where stock was issued for property — pleading must allege the contrary — failure to file a certificate of paid-up stock.*

Where at the commencement of the trial of an action, before any evidence is taken, the defendant moves for a dismissal of the complaint on the ground that it does not state facts sufficient to constitute a cause of action, the question presented, being as to the sufficiency of the complaint, is a question of pleading.

The complaint in an action, brought by a creditor of a corporation organized under the General Manufacturing Act, to recover the amount of his claim from the defendant, a stockholder of such corporation, on the ground that no certificate of paid-up stock has been filed, must contain an allegation that the stock of the corporation was issued for cash rather than for property. The fact that the stock was issued for property is not an affirmative defense to the action to be set up by the defendant.

If the stock was issued for property at its value the stockholder is not liable, whether the whole amount of the capital stock has been paid in or not.

The liability of a person holding stock issued for property must be predicated upon allegations and proof that the stock held by him was issued for property at a fraudulent valuation for the purpose of evading the statute.

FOLLETT, J., dissenting.

APPEAL by the defendant, John Duryea, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 29th day of June, 1894, upon the verdict of a jury rendered after a trial at the New York Circuit, and also from an order entered in said clerk's office on the 11th day of July, 1894, denying the defendant's motion for a new trial made upon the minutes.

*Reuben L. Maynard,* for the appellant.

*W. P. Knapp,* for the respondents.

O'BRIEN, J.:

This is an action against a stockholder of an insolvent corporation, based upon an alleged statutory liability for the debt of the corporation to the plaintiffs. The respect in which the corporation failed to comply with the statute and out of which plaintiffs' cause of action arose, is thus stated : " Upon information and belief, that the

whole amount of capital stock fixed and limited by such company has never been paid in, and that no proper certificate stating the amount of the capital so fixed has ever been recorded in the office of the county clerk of the county wherein the business of said company was carried on." At the commencement of the trial, before any evidence was taken, the defendant moved for a dismissal of the complaint on the ground that it did not state facts sufficient to constitute a cause of action, which motion was denied and an exception duly taken.

The question thus presented, being as to the sufficiency of the complaint, is one of pleading. In this court the question has been settled by the case of *Rowell* v. *Lambert* (66 Hun, 4). There, as in this case, an action was brought by a creditor of a corporation organized under the General Manufacturing Act, to recover the amount of his claim from the defendant as a stockholder of such corporation, upon the ground that no certificate of paid-up stock had been filed, and there, as here, a motion was made to dismiss the complaint because there was no allegation in it that the stock was issued for cash rather than for property. It was therein held that such an allegation was necessary, and that the issuing of stock for property was not an affirmative defense. As therein said (which is equally applicable to the complaint here): " It is plain from an examination of the complaint that the theory upon which the action was tried was, that because no certificate that the whole amount of the capital stock fixed and limited by the articles of incorporation of said corporation had been paid in, had been filed and recorded as required by sections 10 and 11 of chapter 40 of the Laws of 1848 and their amendments, a liability existed upon the part of the defendant as a stockholder." Attention is then called to the amendment passed in 1853 (Chap. 333, § 2) permitting trustees to purchase property necessary for their business, and issue stock to the amount of the value thereof in payment therefor, and providing that " the stock so issued shall be declared and taken to be full stock and not liable to any further calls; neither shall the holders thereof be liable for any further payments under the provisions of the tenth section of the said act." In construing the original act as thus amended, it was in that case held that " it is necessary, in order to make out a complete cause of

FIRST DEPARTMENT, MAY TERM, 1895. [Vol. 87.

action against a stockholder, to show either that the stock was issued apparently for cash, and no certificate filed, or that it was issued for property at a fraudulent valuation for the purpose of evading the statute." And that a complaint simply alleging the failure to file such certificate did not state a cause of action, since a stockholder might hold stock issued for property; that if one seeks to attack an issue of stock for property, and thereby create in his favor a cause of action, he must allege that such issue was made for property acquired by the corporation at a fraudulent valuation, and that the burden of establishing fraud is upon the person asserting it.

It will thus be seen that in one aspect the question of whether a stockholder is liable depends upon the consideration given for the stock. If it is issued for property at its value, that ends the matter so far as the stockholder's liability is concerned, and this is true whether the whole amount of the capital stock has been paid in or not. The filing of a certificate of full payment adds nothing to his advantage or protection, and failure to file the certificate creates no liability against him. In other words, he is relieved from the liability imposed by statute upon holders of stock issued for cash. The stock is full paid and subject to no further call of the corporation or of third parties. And the liability of a person holding stock issued for property is predicated upon allegations and proof that the stock so held by him was issued for property at a fraudulent valuation for the purpose of evading the statute.

Our attention is called to the case of *Herbert* v. *Uhl* (20 N. Y. Supp. 743), handed down at the same term as the case of *Rowell* v. *Lambert,* which it is claimed contains something contrary to the views expressed in the latter case. An examination, however, will show that in this the respondents are mistaken. It may be true that the complaint in that case was similar to the one in the case at bar, but there the motion to dismiss the complaint was not made at the opening of the trial on the ground that the same was insufficient as not stating a good cause of action, but it was made at the conclusion of the testimony on the ground that the plaintiffs had not made out a cause of action against the defendant, the claim being that the stockholder's liability ceased immediately upon the filing of a certificate of the full payment of the capital stock, and that unless the plaintiffs could show that there was some falsity with reference

thereto, that the property purchased for the use of the company was purchased at an exorbitant figure and with fraudulent intent to evade the statute, they had not made out their case. To the granting of that motion the plaintiffs excepted, and this, upon appeal, was held to be error. Two of the judges, however, in that case concurred in the result, one having in mind the principle laid down in *Rowell* v. *Lambert*, saying: "The statute does not require filing certificate where stock is issued for property." In *Herbert* v. *Uhl* the question was whether the evidence was sufficient to make out a *prima facie* case for the jury, and the sufficiency of the complaint was not, as it is here, involved, and testimony having been introduced sufficient to justify a submission of the question to the jury, it was held error at that stage to dismiss the complaint. The question of the sufficiency of the complaint does not appear to have been raised, but even though it had been after all the testimony was in, the pleadings might have been made to conform to the proof. Here, however, the motion was made at the commencement of the trial, and it was practically a demurrer to the complaint and, therefore, presented the question as to whether there was a good cause of action alleged. Under the authority of *Rowell* v. *Lambert* we think that the trial judge should have granted the motion to dismiss and that the exception taken to his refusal was good.

The judgment should accordingly be reversed and a new trial ordered, with costs to appellant to abide the event.

VAN BRUNT, P. J.:

I concur. It is evident that the statute did not intend that a person receiving stock in payment for property conveyed to a corporation in good faith should be held liable because of the failure of other stockholders to pay for the stock taken by them. The statute expressly provides that such stock shall be full paid, and not liable for any further calls, nor shall the holders thereof be liable for any other payments under the provisions of section 10 of said act, section 10 being the section under which liability for failure to file certificate, etc., can be predicated.

FOLLETT, J. (dissenting):

December 8, 1881, the Consumers' Coal Company was incorporated pursuant to chapter 40, Laws of 1848 (the Manufacturing

Act), the acts amendatory thereof and supplementary thereto, with a capital stock of $500,000, divided into 100,000 shares of five dollars each. In 1890 it was dissolved for insolvency and a receiver appointed. March 16 and May 25, 1882, 250 shares of the stock were issued to the defendant, and it is alleged in the complaint, and admitted in the answer, that he was the owner of 100 shares when (October, 1889) the liability of the corporation to plaintiffs arose. The defendant alleges that $35,500 of the stock was paid for in cash and $100,000 was paid for in property and services of the president of the corporation, to whom 20,000 shares were issued. It is conceded that the remainder of the capital stock, $364,500, was neither paid for nor issued. The defendant sought to escape liability by showing that the capital stock of the corporation had been reduced to $135,500, but he utterly failed to establish that it had been reduced pursuant to the statute. A good cause of action was alleged in the plaintiffs' complaint and proved on the trial.

The judgment and order should be affirmed, with costs.

Judgment reversed, new trial ordered, costs to appellant to abide event.