Haight, J.
The American Bit Brace Company was a corporation organized under the Manufacturing Act of 1848 and the amendments thereto, and commenced business on or about January 1, 1888. Its capital stock was $50,000, divided into 500 shares of $100 each. $47,500 of the stock was paid in cash. The remaining $2,500 of the stock was not paid in, and no certificate has ever been filed showing full payment of the capital stock. In 1892 the corporation became indebted to the plaintiff upon promissory notes in the sum of $10,000, upon which a judgment was entered in the superior court of Buffalo and an execution issued thereon against the property of the corporation, which has been returned unsatisfied. The defendant was the owner of sixteen shares of the capital stock of the corporation which was issued ,to him at various times between the first day of March, 1888, and the 8th day of March, 1889. This action was brought to recover of the defendant the indebtedness of the corporation to the amount of the stock held by him.
The Laws of 1848, chapter 40, section 10, provide that, .“All the stockholders of every company incorporated under this act shall be severally individually liable to the creditors of the company in which they are stockholders, to an amount equal to the amount of stock held by them respectively for all debts and contracts made by such company, until the whole amount of capital stock fixed and limited by such company shall have been paid in, and a certificate thereof shall have been made and recorded,” etc. *354 This act was amended by the Laws of 1853, chapter 333, by providing that, “ The trustees of such company may purchase mines, manufactories and other property necessary for their business, and issue stock to the amount of the value thereof in payment therefor ; and the stock so issued shall be declared" and taken to be full stock and not liable to any further calls; neither shall the holders thereof be liable for any further payments under the provisions of the tenth section of said act.” Under this amendment it has been held that a person, to whom stock has been issued for a manufactory, or other property purchased by a corporation, is not liable to the creditors of the company because of a failure on the part of the president and trustees 'to file the certificate requred by section 10 above referred, to; that as to such stock the. holders thereof are exempt from the provisions of the act. Brown v. Smith, 13 Hun, 408 ; affirmed in this court upon the opinion of the general term, 80 N. Y. 650. See, also, Rowell v. Lambert, 66 Hun, 4; 49 St. Rep. 197.
The defendant claims exemption from liability under the act of 1853. The question is thus presented as to whether the stock issued to him was in payment for a manufactory or other property necessary for the business of the corporation. He requested the trial court to find that it was,■ but this was declined, and an exception was taken. The evidence bearing upon the question is brief and is without substantial controversy. The defendant had leased to one White the premises in question for the annual rental of $1,500. The corporation required these premises for its manufactory. Arrangements were thereupon entered into by which White assigned the defendant’s lease to the corporation, with his consent, he agreeing to accept, daring the-, first year, the capital stock of the company for rent in lieu of cash. This arrangement was carried out and the defendant, in this manner became the owner of the sixteen shares of stock referred to. The leasehold premises were necessary for the business of the corporation. It was a manufactory, and, we think, “ property,” within the meaning of the statute. A lease of lands is a chattel real. 1 R. S. 722, § 5; Putnam v. Westcott, 19 John. 72 ; Bigelow v. Finch, 17 Barb. 394.
The trial court appears to have been of the opinion that even if the stock was issued to the defendant for property purchased by the company necessary for its use, and that he was exempt from liability for the debts of the company under the existing statutes, that he is now made liable under the Stock Corporation Law of 1890, chapter 564. In this view we differ from the learned trial judge. In the law of 1890 the exemption clause of 1853 is omitted, and that act, - together with that of 1848, is repealed. But there was a saving clause incorporated in the act. It is as follows: “(Sec. 71.) The repeal.of a law, or any part of it, specified in the annexed schedule, shall not affect or impair any act done or right accruing, accrued or acquired, * * * under or by virtue of any law so repealed, but the same may be asserted, enforced, prosecuted or inflicted as fully and to the same extent, as if such law had not been repealed.” Section 24 of chapter 563 of the *355 Laws of 1890, known as the General Corporation Law, has recently received the attention -of this court in the case of Cameron v. The New York and Mount Vernon Water Co., 133 N. Y. 336; 45 St. Rep. 212. It was then held that proceedings that had been theretofore taken to consolidate several companies under chapter 960 of the Laws of 1867, as amended, etc., were not affected by the repeal of the acts undér which the proceedings were instituted; that the agreement to consolidate represented a right accuing, or in process of enforcement, and was protected by the saving clause, which is identical in language with that provided for in section 71 of the Stock Corporation Law. This case sustains the appellant’s contention. He became the owner of the stock under circumstances which then relieved him from personal liability for the debts of the company. He was exempt from the provisions of section ten of the act of 1848. This was a right which he had acquired and which had accrued, and he consequently is saved from the operation of the Stock Corporation Law of 1890.
In 1892 the Stock Corporation Law was further amended, but under the view taken by us with reference to the saving clause in the act of 1890, it becomes unnecessary to consider the effect of the last amendment.
The judgment should be reversed, and a new trial granted, with costs to abide the event.
All concur.
Judgment reversed.