SAMUEL W. CASTNER and HENRY B. CURRAN, Composing the Firm of CASTNER & CURRAN, Appellants, v. JOHN DURYEA, Respondent.

*Manufacturing corporation — action against a stockholder thereof — the complaint need not allege that he was such within two years prior to the commencement of the action.*

In an action brought by a creditor of a manufacturing corporation, incorporated under chapter 40 of the Laws of 1848, to enforce against a stockholder thereof a debt of the corporation to an amount equal to that of his stock, where the whole amount of the capital stock has not been paid in, the complaint need not allege affirmatively that the defendant continued to be the owner and holder of the stock until within two years prior to the commencement of the action.

If the defendant seeks to avail himself of this defense afforded by section 24 of the act of 1848, he must set it up in his answer.

APPEAL by the plaintiffs, Samuel W. Castner and another, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 27th day of November, 1896, upon the dismissal of their complaint on the ground that it did not state facts sufficient to constitute a cause of action, directed by the court at a trial before the court and a jury.

The action was brought by the plaintiffs against the defendant as a stockholder of the Consumers' Coal Company, a corporation organized under the General Manufacturing Act of 1848.

*I. D. Warren*, for the appellants.

*Reuben Leslie Maynard*, for the respondent.

WILLIAMS, J.:

, The decision as made was evidently based upon the decision of the General Term in this department in *Herbert* v. *Duryea* (87 Hun, 288). The principle held in that case was, however, subsequently overruled by the Court of Appeals in *Rowell* v. *Janvrin* (151 N. Y. 60). And this decision cannot, therefore, be upheld upon the ground assigned by the learned trial court. The respondent now contends that the decision should be upheld, and the judg-

ment affirmed upon another ground, and this raises the only question which calls for consideration by this court.

It is said the complaint was defective in failing to allege that the defendant continued to be the owner and holder of the stock until within two years prior to the commencement of the action.

The complaint alleged that the debt was contracted in June, 1889, and was payable within one year, and that the defendant was, *at the time the debt was contracted*, owner of stock of the company; that an action was commenced to recover the debt against the corporation November 8, 1889, and judgment therein was recovered December 6, 1889, and that execution was issued upon such judgment, and returned wholly unsatisfied. This action was begun January 12, 1892. It was provided by section 10 of chapter 40, Laws of 1848, that "all the stockholders of every company incorporated under this act shall be severally individually liable to the creditors of the company, in which they are stockholders, to an amount equal to the amount of stock held by them respectively, for all debts and contracts made by such company until the whole amount of capital stock fixed and limited by such company shall have been paid in, and a certificate thereof shall have been made and recorded as prescribed in the following section," etc.

And it was further provided by section 24 of the same act, among other things: "And no suit shall be brought against any stockholder who shall cease to be a stockholder in any such company, for any debt so contracted, unless the same shall be commenced within two years from the time he shall have ceased to be a stockholder in such company," etc., etc.

It was alleged that the defendant *was* a stockholder in June, 1889, and this suit was not begun until January, 1892, so that the defendant *may* have ceased to be such stockholder more than two years before the commencement of the suit; and if he had, this action could not be maintained against him. It did not appear from the allegations in the complaint whether the defendant had so ceased to be a stockholder or not. The question is whether the complaint should have contained an allegation upon this subject, or whether it was a matter of defense, which defendant must set up in his answer.

The question was not involved in the case of *Herbert* v. *Duryea* (*supra*) and was not determined by the Court of Appeals in that

case.    Whatever other answers there may be to the defendant's contention upon this question, growing out of the general reasoning of the Court of Appeals in the case above referred to, we think it is a sufficient answer to say that the provision above quoted from section 24 of the act of 1848 was in effect a time limitation of the creditor's right to bring and maintain the action under section 10 of the act above quoted, and in analogy to the rule applicable to the Code time limitation of actions, was a matter of defense, which would be waived if not pleaded by answer.    It was not necessary that the plaintiff should allege in his complaint the facts showing that such time limitation did not operate to defeat his right of action.

We do not see why the same rule of pleading should not apply as is applicable to the Statute of Limitations under the Code.    Section 24 did not exclude any *class* of *persons* from the effect of section 10, but merely provided that the action could not be maintained unless brought within a certain time.    It will hardly do to say that allegations of this nature must be regarded as necessary, because it has been usual to insert them in other cases.    Unnecessary allegations have been frequently inserted in pleadings, notably so, the allegations as to non-payment of indebtedness, and yet payment is ordinarily a defense and must be pleaded in an answer in order to give the defendant the benefit thereof, and the right to prove the same to defeat the plaintiff's right of action.

We think the complaint contained sufficient allegations to constitute a cause of action, and that the decision was erroneous, and the judgment entered thereon should be reversed, and a new trial ordered, with costs of appeal to appellants to abide event.

VAN BRUNT, P. J., PATTERSON, INGRAHAM and PARKER, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellants to abide event.