HENRY L. HERBERT and GILBERT I. HERBERT, Respondents, v. JOHN DURYEA, Appellant.

SAMUEL W. CASTNER and HENRY B. CURRAN, Composing the Firm of CASTNER & CURRAN, Respondents, v. JOHN DURYEA, Appellant.

*Corporation — a stockholder's liability because the capital stock has not been paid in — objection that the proof that the stock was not paid for tends· to show fraud — issue of stock for·services by a promoter — attempted ratification thereof.*

In an action brought against a stockholder of an insolvent corporation organized under the General Manufacturing Act (Chap. 40 of the Laws of 1848, and the acts amendatory thereof), to enforce a debt of the corporation upon the ground that the whole amount of the capital stock fixed and limited by the certificate of incorporation had never been paid in, proof that certain stock was never in fact paid for either in cash or property is competent, notwithstanding the fact that such proof will show that the stock was fraudulently issued, and that there is no allegation in the complaint from which fraud can be assumed or implied.

*Semble,* that it is improper for the directors of a corporation to issue stock in payment for services rendered by one as a promoter and organizer of the corporation prior to its incorporation, as the statute requires that stock shall be paid for in cash or in property.

*Semble,* that a resolution subsequently passed by the board of directors which attempts to ratify the issue of the stock to the promoter, is ineffectual.

APPEAL by John Duryea, the defendant in each of the above-entitled actions, from judgments of the Supreme Court in favor of the plaintiffs in each of said actions, entered in the office of the clerk of the county of New York on the 19th day of January, 1898, upon the verdict of a jury rendered by direction of the court,

and also from orders entered in said clerk's office on the 10th day of February, 1898, denying said defendant's motion for a new trial made upon the minutes in each of said actions.

*Reuben Leslie Maynard,* for the appellant.

*Jacob Marks,* for the respondents.

McLAUGHLIN, J. :

These actions were brought against a stockholder of an insolvent corporation organized under the General Manufacturing Act (Chap. 40, Laws of 1848, and acts amending the same) to enforce a debt of the corporation, upon the ground that the whole amount of capital stock fixed and limited by the certificate of incorporation had never been paid in, and that no proper certificate, showing such payment, had ever been filed.

Three trials have been had in each action. Upon the first trial the plaintiffs recovered, but, upon appeal, the judgments were reversed by the late General Term upon the ground that the trial court erred in not dismissing the complaints. (87 Hun, 288, 619.) Upon the second trial the trial court, following the rule declared by the General Term, dismissed the complaints, but these judgments were in turn reversed by the Appellate Division. (16 App. Div. 249.) The judgments of the General Term were based upon a decision rendered by the same court in the case of *Rowell* v. *Lambert* (66 Hun, 4), which was thereafter reversed by the Court of Appeals. (*Rowell* v. *Janvrin,* 151 N. Y. 60.) The complaints in the cases before us are almost identical with the complaint in *Rowell* v. *Janvrin,* and the Appellate Division, in reversing the judgments upon the second appeal, followed the decision in the *Rowell* case. Upon the third trial verdicts were directed in favor of the plaintiffs, and from the judgments entered thereon the defendant has appealed.

The uncontradicted facts established upon the trial entitled the plaintiffs to recover, and the trial court was, therefore, justified in directing a verdict. The defendant, however, insists that the judgment should be reversed, because the trial court erred in permitting the plaintiffs to prove that certain stock issued to one Schenck was never, in fact, paid for either in cash or property, and that such

proof was inadmissible under the complaint. His contention is that, if the stock was thus issued, it was a fraudulent issue of stock, and that inasmuch as there is no allegation in the complaint from which fraud can be assumed or implied, such fact could not be proved upon the trial. The answer to this suggestion is that the action is brought, not to recover on account of a fraudulent issue of stock, but for a failure to comply with the statute in that, to use the words of the complaint, "the whole amount of capital stock fixed and limited by such company has never been paid in and that no proper certificate stating the amount of the capital so fixed has ever been recorded." Any fact which tended to show that the stock issued as full-paid stock was not in fact paid for was admissible. It was, therefore, competent for the plaintiffs to prove that a large block of the stock was issued to Schenck for services rendered prior to the organization of the company, and while proof of such fact might show that the stock was fraudulently issued, that could not deprive the plaintiffs of the benefit of the evidence as tending to show that the stock had never in fact been paid for. Schenck was the president of the corporation from its organization until its failure, and at the very first meeting of the directors, 20,000 shares (one-fifth of the entire capital stock) were issued to him for services rendered as a promoter and organizer of the corporation. He never paid for this stock in any other way. The statute requires that stock shall be paid for either by cash or property. Services rendered in bringing a corporation into existence is neither cash nor property. If it were, then the entire capital stock could be thus disposed of, and the only asset which the corporation would have would be its naked existence. The least that can be said of a transaction of this character is that it is an ineffectual attempt to evade the statute. The resolution passed by the board of directors in 1885, which attempted to ratify the act of the directors in 1881, in issuing the stock to Schenck, does not aid the defendant, because it did not and could not change the character of the original transaction. The transfer of the copyright of the coupon ticket referred to in the resolution of 1885 was not a part of the consideration for the transfer of the stock to Schenck. This copyright was not obtained until December 28, 1882, more than a year after the stock referred to had been issued.

Upon reason and authority alike it must be held that stock issued

in the manner in which this was to Schenck was never paid for as required by statute, and by reason of such failure stockholders became liable to creditors of the corporation situated as these creditors are.

Other exceptions were taken by the defendant upon the trial, but none of them deserves serious consideration.

The judgment is right and should be affirmed, with costs.

VAN BRUNT, P. J., BARRETT and RUMSEY, JJ., concurred.

Judgments affirmed, with costs.