### HERBERT et al. v. DURYEA.

### CASTNER et al. v. SAME.

(Supreme Court, Appellate Division, First Department. November 11, 1898.)

CORPORATIONS—UNPAID STOCK—STOCKHOLDERS—INDIVIDUAL LIABILITY.
　　In an action under Laws 1848, c. 40, against a stockholder of an insolvent corporation to enforce a debt of the corporation, on the ground that all the capital stock fixed by the certificate of incorporation had never been paid in, evidence that certain shares of stock had been issued to a promoter of the corporation for his services prior to its organization is admissible without an allegation in the pleading that such stock was fraudulently issued.

Appeal from trial term, New York county.

Separate actions by Henry L. Herbert and another, and Samuel W. Castner and another, against John Duryea. Judgment for plaintiffs, and defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, and McLAUGHLIN, JJ.

Reuben L. Maynard, for appellant.

Jacob Marks, for respondents.

McLAUGHLIN, J.   These actions were brought against a stock-holder of an insolvent corporation organized under the general manu-facturing act (chapter 40, Laws 1848, and acts amending the same), to enforce a debt of the corporation upon the ground that the whole amount of capital stock fixed and limited by the certificate of incor-poration had never been paid in, and that no proper certificate show-ing such payment had ever been filed.   Three trials have been had in each action.   Upon the first trial the plaintiffs recovered, but upon appeal the judgments were reversed by the late general term, upon the ground that the trial court erred in not dismissing the complaints. 87 Hun, 288–619, 33 N. Y. Supp. 1031, 1034.   Upon the second trial, the trial court, following the rule declared by the general term, dis-missed the complaints; but these judgments were in turn reversed by the appellate division.   16 App. Div. 249, 44 N. Y. Supp. 708. The judgments of the general term were based upon a decision ren-dered by the same court in the case of Rowell v. Lambert, 66 Hun, 4, 20 N. Y. Supp. 822, which was thereafter reversed by the court of appeals.   Rowell v. Janvrin, 151 N. Y. 60, 45 N. E. 398.   The com-plaints in the cases before us are almost identical with the complaint in Rowell v. Janvrin; and the appellate division, in reversing the judgments upon the second appeal, followed the decision in the Rowell Case.   Upon the third trial, verdicts were directed in favor of the plaintiffs; and, from the judgments entered thereon, the de-fendant has appealed.

The uncontradicted facts established upon the trial entitled the plaintiffs to recover, and the trial court was therefore justified in directing a verdict.   The defendant, however, insists that the judg-ment should be reversed, because the trial court erred in permitting the plaintiffs to prove that certain stock issued to one Schenck was never in fact paid for either in cash or property, and that such proof was inadmissible under the complaint.   His contention is that, if the stock was thus issued, it was a fraudulent issue of stock, and that, inasmuch as there is no allegation in the complaint from which fraud can be assumed or implied, such fact could not be proved upon the trial.   The answer to this suggestion is that the action is brought, not to recover on account of a fraudulent issue of stock, but for a failure to comply with the statute, in that, to use the words of the complaint, "the whole amount of capital stock fixed and limited by said company has never been paid in, and that no proper certificate stating the amount of capital so fixed has ever been recorded." Any fact which tended to show that the stock issued as full-paid stock was not in fact paid for was admissible.   It was therefore competent for the plaintiffs to prove that a large block of the stock was issued to Schenck for services rendered prior to the organization of the company; and, while proof of such fact might show that the stock was fraudulently issued, that could not deprive the plaintiffs of the benefit of the evidence as tending to show that the stock had never in fact been paid for.   Schenck was the president of the cor-poration from its organization until its failure; and, at the very first meeting of the directors, 20,000 shares (one-fifth of the entire capital stock) were issued to him for services rendered as a promoter

and organizer of the corporation.   He never paid for this stock in any other way.   The statute requires that stock shall be paid for either by cash or property.   Services rendered in bringing a corporation into existence are neither cash nor property.   If they were, then the entire capital stock could be thus disposed of, and the only asset which the corporation would have would be its naked existence. The least that can be said of a transaction of this character is that it is an ineffectual attempt to evade the statute.   The resolution passed by the board of directors in 1885, which attempted to ratify the act of the directors in 1881 in issuing the stock to Schenck, does not aid the defendant, because it did not and could not change the character of the original transaction.   The transfer of the copyright of the coupon ticket referred to in the resolution of 1885 was not a part of the consideration for the transfer of the stock to Schenck.   This copyright was not obtained until December 28, 1882, more than a year after the stock referred to had been issued.   Upon reason and authority alike, it must be held that stock issued in the manner in which this was to Schenck was never paid for as required by statute; and, by reason of such failure, stockholders became liable to creditors of the corporation situated as these creditors are.   Other exceptions were taken by the defendant upon the trial, but none of them deserves serious consideration.

The judgment is right, and should be affirmed, with costs.   All concur.