(26 Misc. Rep. 518.)

### CITIZENS' BANK OF BUFFALO v. WEINBERG.

### SAME v. JANOWITZ.

### SAME v. WEISS.

(Supreme Court, Special Term, New York County.  February, 1899.)

1. CORPORATIONS—ACTION AGAINST STOCKHOLDERS—COMPLAINT.

In an action against a stockholder of a corporation by an alleged creditor of the corporation, a complaint alleging that the company was indebted for money advanced, and, to secure the payment of a draft by plaintiff therefor, the company made its check, which was protested for non-payment and returned to plaintiff, and that an action was begun by plaintiff against the corporation, judgment recovered, and execution returned unsatisfied, within two years from the time the debt originated, and that defendant was a stockholder, sufficiently sets forth a cause of action.

2. SAME—PARTIES.

In an action, under Stock Corporation Law (Laws 1892, c. 688) §§ 54, 55, against stockholders, by a judgment creditor, to enforce the liability of the stockholders, it is unnecessary to make the corporation, or any of its creditors, parties.

Actions by the Citizens' Bank of Buffalo against Julius Weinberg, Ignatz Janowitz, and Moritz Weiss.  Heard on demurrer to the complaints.  Demurrers overruled.

Benjamin & Loeser, for plaintiff.

Holm & Smith, for defendants.

NASH, J.    These actions are against stockholders of a stock corporation, to enforce their statutory liability as such, under sections 54 and 55 of the stock corporation law (Laws 1892, c. 688), and it is urged in support of the demurrer that the complaint does not contain the allegations necessary to charge the defendant, under the statute:  First, that there is no allegation in the complaint when

the debt was payable; second, there is nothing in the complaint to show that the action was brought within two years after the debt became due, unless it is assumed that it became due on the giving of the check alleged in the complaint; third, there is no allegation in the complaint as to whether the action is brought against a defendant who had ceased to be a stockholder (and if so), nor that the action was brought within two years from the time he ceased to be a stockholder.

The complaint alleges:

"That on or about October 16, 1896, the said Consumers' Veal & Mutton Company, to secure the payment of a draft for $740, with 77 cents exchange thereon, drawn on said company, at its request, by Bissell C. Shepard, for an advance of $730 made by said Shepard in purchasing calves on October 12, 1896, for said company, and for $10, agreed commission for said purchase, delivered to said Shepard its check, payable to said Shepard's order, whereby it directed the Yorkville Bank of New York City to pay to his order the sum of $740.77, which check was duly presented for payment at the place therein designated, but payment thereof was refused upon the ground that there were not sufficient sums on deposit in said bank to pay the same; and whereupon said check was protested for nonpayment, at an expense to said Shepard of $1.31, and notice of said presentment, nonpayment, and protest was duly given to said Consumers' Veal & Mutton Company, and said check was returned to said Shepard. That thereafter the said Shepard assigned to this plaintiff the aforesaid claim and cause of action, and that nothing has been paid thereon. That thereafter, and on or about March 12, 1897, an action was begun on the aforesaid cause of action in favor of this plaintiff against the said Consumers' Veal & Mutton Company, in the supreme court of Erie county, by personal service of the summons in said action, and that the defendant duly appeared in said action, and that judgment was duly recovered upon said cause of action in the supreme court, Erie county, on the 10th day of May, 1897, in favor of the said Citizens' Bank of Buffalo, plaintiff, against the Consumers' Veal & Mutton Company, defendant, for the sum of $766.89 damages, together with the sum of $66.56 costs and disbursements, amounting in the aggregate to the sum of $833.45. That the judgment roll was duly filed on said 10th day of May, 1897, in the office of the clerk of Erie county, and that a transcript of said judgment was duly filed and the judgment duly docketed on the 12th day of May, 1897, in the office of the clerk of New York county, and that thereafter, and on or about the 12th day of May, 1897, an execution upon said judgment was duly issued to the sheriff of New York county, and that thereafter, and before the commencement of this action, said execution was returned wholly unsatisfied, and that nothing has been paid on account of said cause of action, judgment, or execution."

That is, the complaint alleges that the company became indebted on October 12, 1896, to Shepard, in the sum of $740, for money advanced in purchasing calves for the company, and the commission, and, to secure the payment of a draft drawn by Shepard therefor, the company made its check on October 16, 1896, which was protested for nonpayment, and the check returned to Shepard, and the claim and cause of action was assigned by him to the plaintiff; that an action was begun by the bank on March 12, 1897, and judgment recovered against the company, and execution upon the judgment returned unsatisfied,—all within two years from the time the debt originated. It is difficult to understand the criticism made upon the complaint in this behalf. The debt of the company to Shepard was contracted when he advanced the money, on October 12, 1896, and it was certainly payable upon the date upon which the company gave its check in payment of the draft. Besides, the check itself

was an instrument for the payment of money, addressed to the York-ville Bank, requesting it to pay the amount of the check to the payee, or to his order, on presentment. The complaint alleges that at the time the debt was created, on October 12, 1896, the defendant was a stockholder. It does not allege that he ceased to be a stockholder, and that this action was brought within two years thereafter. But that is matter to be pleaded in defense. Castner v. Duryea, 16 App. Div. 249, 44 N. Y. Supp. 708.

The second ground of demurrer is that the corporation and the creditors should have been made parties. In support of this conten-tion it is urged that the action will not lie in favor of a single cred-itor; citing Bank v. Dillingham, 147 N. Y. 603, 42 N. E. 338. That was an action against the directors of a corporation, under section 24 of the stock corporation law, which provides that:

"No stock corporation, except a moneyed corporation, shall create any debt, if thereby its total indebtedness not secured by mortgage, shall exceed the amount of its paid-up capital stock, and the directors creating or consenting to the creation of any such debt shall be personally liable therefor to the creditors of the corporation."

It was there held that the liability can be enforced only by a suit in equity, where all the creditors and the corporation itself are made parties, in which an accounting may be had, and the equities ad-justed; the reasons for which are fully set out in the opinion. The distinction between the nature of the liability of directors under that section, and that of stockholders under the provisions of sections 54 and 55, is clearly shown. As there stated, the creation of debts in excess of the capital affects all the creditors alike. It diminishes the value of the claim of every creditor upon the corporate assets. Hence all the creditors have, in equity and justice, an equal claim upon the fund, which by the statute the directors are virtually re-quired to put back into the corporate treasury. While here the action against the stockholder does not lie in favor of all the cred-itors of the corporation, but only a class, such as have a debt pay-able within two years from the time it is contracted, and such of those only who have secured judgment against the corporation there-for, and have had execution thereon returned unsatisfied; and, if against a stockholder who has ceased to be such, the action must be brought within two years from the time he has ceased to be a stockholder. Under the act of 1848 authorizing the formation of corporations for manufacturing and other purposes, creating a simi-lar liability of the stockholders, it was held that a creditor could sue alone to enforce the liability. Weeks v. Love, 50 N. Y. 568.

Demurrer overruled.