·. SEIM v SMITH, *et al.*

The appellate court will not disturb findings of the trial court, unless clearly
   against a preponderance of the evidence.

FULLER, P. J., dissenting.

(Opinion filed April 3, 1900.)

Appeal from circuit court, Lawrence county. Hon. JOSEPH
B. MOORE, Judge.

Action by Olaf Seim against Franklin D. Smith and others to
foreclose a mechanics ˙ lien. From a judgment in plaintiff's
favor, defendant Franklin D. Smith appeals. Affirmed.

*Frawley & Laffey,* for appellant.

*Rice & Polley,* for respondent.

CORSON, J. This is an action to foreclose a mechanic's
lien upon certain real property in the city of Deadwood. Find-
ings and judgment were in favor of the plaintiff, and the de-
fendant appeals.

The defendant in his answer set up a number of defenses
to the action, but the only one urged in this court is that the
plaintiff did not complete his contract within the time specified·
therein, and that the defendant is entitled by reason thereof, as
a counterclaim against the plaintiff, to the sum of $720; being
the amount of damages for 72 days' delay in completing his
contract, at the rate of $10 per day. The plaintiff, by his con-
tract, undertook to complete the building, as originally de-
signed, within 100 days from the time he commenced work upon
the same, excluding delays caused by bad weather and by the
acts of the defendant; and he further stipulated that, in case

he failed to complete the contract within the time specified, he would pay to the defendant, as stipulated damages, $10 per day for the time exceeding 100 days. During the progress of the work under the original contract the defendant concluded to add a third story to the building, and a supplemental contract was thereupon entered into with the plaintiff, stipulating for the erection of this extra story, the price to be paid for the same, and extending the time within which the contract should be completed 20 additional days; but the original contract otherwise remained in full force and effect. The defendant admitted in his answer that the plaintiff was delayed 28 days by reason of the weather. The court, in its findings found as follows: "(5) The court finds that the excavation for the basement was completed on the 5th day of July, 1896, and that on the 26th day of June, 1896, the plaintiff began work under his contract, and completed the building on the 20th day of December, 1896, and that the plaintiff completed said buiding within the time provided in the contract, except delays caused by the acts of defendant Smith, and at his request," and also found as follows: "(10) The court finds from the evidence that plaintiff has established all the material allegations in his complaint." The court concludes, as matter of law, that the plaintiff is entitled to judgment for the sum of $2,685.67, and has a valid lien upon the building therefor.

The appellant specially excepted to findings Nos. 5 and 10, and contends that the evidence was insufficient to justify them. The evidence was conflicting as to the time when the building was in fact completed,—the defendant contending that it was not completed until the 13th day of January, 1897, and plaintiff insisting it was completed on the 20th day of December, 1896,

—and also as to the number of days' delay caused by the defendant., It would seem from the contract that a portion of the work, especially upon the third story, was to be performed by the defendant himself; and plaintiff claimed that, while defendant was doing the work which plaintiff had not contracted to do, he was delayed from time to time in the progress of his work upon the building. The plaintiff, as a witness on his own behalf, testified very fully as to the number of days' delay caused by the acts of the defendant: and his evidence was to some extent, at least, corroborated by the testimony of other witnesses. The defendant, on the other hand, testified that the plaintiff was not delayed to any considerable extent by his acts, and his evidence was to some extent corroborated by the architect and other witnesses. This court is unable, after a careful review of the evidence, to say that it preponderated in favor of the defendant, but is inclined to take the view that the court was fully justified from the evidence in making the findings of fact excepted to. Under the rule laid down in Randall v. Burke Tp., 4 S. D. 337, 57 N. W. 4, the judgment of the circuit court must be affirmed, and it is so ordered.

FULLER, P. J., dissents.