ROGERS v. GLADIATOR GOLD MIN. & MILL. CO. et al.

Const. art. 17, § 8, declares that no corporation may lawfully issue stock, except for labor done, or money or property actually received, and Rev. Code Civ. Proc. § 252, subd. 5, declares that interest on the part of a juror, in the event of the action or in the main question involved, etc., shall disqualify. **Held,** that where plaintiff sued C. and certain corporations for breach of a contract to deliver to plaintiff certain stock in the corporations for services rendered to C., and it did not appear at the time the jury was examined that the action involved any question relating to the unlawful issue of stock,

or that certain challenged jurors, who admitted they owned stock in mining companies which had been given to them, were owners of any stock illegally issued, they were not disqualified by interest by such admission.

Plaintiff sued C. and a corporation for breach of a contract to deliver to him certain of the corporation's stock for services performed for and on behalf of the "defendants at their special instance and request," for which defendants promised to give plaintiff the stock, but it was not alleged that C. in making the contract acted for the corporation. **Held,** that the complaint stated a cause of action against C., and was therefore not subject to a joint objection for want of facts by both the defendants.

A motion for a directed verdict at the close of plaintiff's evidence, if overruled, must be renewed at the close of all the evidence in order to be reviewable on appeal.

Where mining corporations' alleged contract to issue stock to plaintiff, in consideration for services rendered C., was illegal, it was the duty of the court, in an action thereon, to refuse to enforce it as against the corporations, though they failed to plead such illegality, and did not renew their motion to direct a verdict in their favor at the close of all the evidence.

A contract by certain mining corporations to issue to plaintiff certain of their stock in payment for services rendered to C. individually, in aiding him to dispose of the stock of the corporations and in making assays, was illegal, under Const. art. 17, § 8, prohibiting any corporation from issuing stock except for labor done, or money or property actually received.

Where it did not appear that the stock to be delivered to plaintiff was not the individual property of C., plaintiff was entitled to judgment against him, though he was not entitled to recover against the corporation.

(Opinion filed, August 29, 1907.)

Appeal from Circuit Court, Lawrence County. Hon. W. G. Rice, Judge.

Actions by Burt Rogers against the Gladiator Gold Mining & Milling Company, Gold Fish Mining Company, Red Cloud Mining Company, and Cephas H. Crabtree, joined as a defendant in each action. From a judgment in favor of plaintiff in each action, and from an order denying defendants' application for a new trial, they appeal. Reversed as to defendants mining companies, and affirmed as to defendant Crabtree.

*James A. George,* for appellants.

CORSON, J. Three actions were instituted by the plaintiff entitled as follows: "Burt Rogers v. Gold Mining & Milling Com-

pany and Cephas H. Crabtree"; "Burt Rogers v. Gold Fish Mining Company and Cephas H. Crabtree"; "Burt Rogers v. Red Cloud Mining Company and Cephas H. Crabtree"—all of which were tried as one; the jury returning a verdict in favor of the plaintiff upon each cause of action thus united. Judgment was entered accordingly, and, their application for a new trial having been denied, the defendants appealed.

The pleadigs in each case are substantially as follows: Plaintiff alleges that the defendant corporation was organized and is existing under and by virtue of the laws of this state; that during 1900 and 1901 he performed certain services as an assayer and broker for an on behalf of the defendants, at their special instance and request, for which they promised and agreed to give him certain shares of capital stock in the defendant corporation; that, notwithstanding due demand therefor, defendants have failed and refused to deliver such stock; and that the highest market value of the stock during the period between such refusal and the date of the action was 40 cents in one case and 15 cents in the others. Without denying any of these allegations, except as to the value of the stock, and "while admitting that a promise was given the plaintiff for * * * shares of stock as alleged," defendants aver "that the promise was coupled with a condition precedent which the plaintiff has never performed or attempted to perform"; deny "that plaintiff ever in good faith performed or acted as a broker for defendants"; and allege "that plaintiff's every act as a broker to defendants' stock has been hostile and inimical to the interests of these defendants."

The contention that the court erred in refusing to excuse certain jurors having an interest in the event of the action is not supported by the record. It discloses that three jurors were asked this question: "Do you own any stock in a mining company that was given you?" Each answered: "Yes." Thereupon defendants challenged each of them for cause, on the ground that he "was interested in the event of the suit," True, "interest on the part of the juror in the event of the action, or in the main question involved in the action, except his interest as a member or citizen of a municipal corporation," is a cause for challenge recognized by

the statute. Rev. Code Civ. Proc. § 252, subd. 5. And no corporation existing under the laws of this state may lawfully issue stock, "except for money, labor done, or money or property actually received." Const. art. 17, § 8. But, when defendants' challenges were interposed, there was nothing of record to show that the action involved any question relating to the unlawful issuing of stock; nor did it appear that the challenged jurors were owners of any stock so issued. It not being shown whether the stock was given them by the corporation which issued it, or by persons to whom it had been lawfully issued, it will be presumed that they were owners of lawfully issued stock, and hence not disqualified, whatever questions may have been involved in the action.

Defendants' objection to the introduction of any evidence on the ground that neither complaint stated facts sufficient to constitute a cause of action was overruled. The objection was based on the theory that the contracts alleged in the complaints were invalid because inhibited by the provisions of the Constitution heretofore alluded to, and which are as follows: "No corporation shall issue stocks or bonds except for money, labor done, or money or property actually received; and all fictitious increase of stock or indebtedness shall be void." Article 17, § 8. It will be observed that Crabtree in his individual capacity and one of the corporations are joined as defendants in each complaint; that in each it is alleged that plaintiff perfomed certain services "for and on behalf of said defendants, at their special instance and request, for which the said defendants promised and agreed to give the plaintiff" certain shares of stock "in said defendant company"; and that it nowhere appears on the face of the complaint that Crabtree was acting for the corporation. As both defendants joined in the objection, it was properly overruled if the complaint stated a cause of action as against either defendant. It certainly did so as to Crabtree; nothing appearing in the complaint to repel the inference that he promised to deliver stock which had been lawfully issued.

The contention that certain testimony offered by the defendants was erroneously excluded is not tenable, for the reason that it was irrelevant and immaterial under the pleadings, which presented by two issues, namely, whether defendants' promise to de-

liver stock was coupled with a condition which had not been performed, and the market value of the stock.

Error cannot be predicated on the overruling of defendants' motion for a directed verdict, made at the close of plaintiff's evidence, because such motion was not renewed at the close of all the evidence. Scim v. Krause, 13 S. D. 530, 82 N. W. 390; Torrey v. Peck, 13 S. D. 538, 83 N. W. 583; Brace v. Van Eps, 12 S. D. 191, 80 N. W. 197; Haggarty v. Strong, 10 S. D. 585, 74 N. W. 1037.

But notwithstanding this motion was not properly renewed at the close of all the evidence, and cannot therefore be considered by this court, it is still contended by counsel for the defendants that, it apearing from the evidence in the case that the contract was in violation of the constitutional provision, it was the duty of the court to deny plaintiff any relief, as against the mining corporations, notwithstanding the failure of the defendants to plead the illegality of the contract and their failure to renew their motion to direct a verdict in their favor at the close of all the evidence. We are inclined to agree with counsel in this contention.

It is quite clear from the evidence that the contract made by the plaintiff with the mining corporations was clearly in violation of the section of the Constitution above referred to. He paid no money or property therefor, and the only services that he was to perform apparently were those to be performed for Crabtree individually in aiding him to dispose of the stock of the corporations and in making assays for him. Clearly such a contract was not permissible under the provisions of our Constitution, and not within the powers of the trustees of the corporations to make. In the case of Upton v. Trebilcock, 91 U. S. 45, 23 L. Ed. 203, the Supreme Court of the United States, in discussing this subject, says: "The capital stock of a moneyed corporation is a fund for the payment of its debts. It is a trust fund, of which the directors are the trustees. It is a trust to be managed for the benefit of its shareholders during its life, and for the benefit of its creditors in the event of its dissolution. This duty is a sacred one, and cannot be disregarded." Furber v. Williams-Flower Co. et al., 21 S. D., 111 N. W. 548.

The contract in this case seems to have been made with Crab tree as trustee and promoter, and not with the corporations themselves. No evidence was introduced proving, or tending to prove, that the corporations as such had authorized these contracts with the plaintiff. If the contracts were construed to be the contracts of the corporations, they were clearly made in contravention and violation of the constitutional provisions, and were therefore void. We are clearly of the opinion that the fact that the contracts were in violation of the Constitution, though not pleaded or any proper motion made for the direction of a verdict on that ground, will not prevent the court from declaring that the contracts, so far as the corporations are concerned, were void, and such as connot be enforced by the courts. The question of the failure to plead the illegality of a contract was very fully discussed by the Supreme Court of the United States in the case of Oscanyan v. Arms Company, 103 U. S. 261, 26 L. Ed. 539. In that case the Circuit Court directed a verdict in favor of the defendant upon the opening statement of plaintiff's counsel, and it was contended by the plaintiff that, as the illegality of the contract declared on in that case was not pleaded as a defense, that defense was not available to the defendant. The court, speaking by Mr. Justice Field, in discussing this question, says: "But if we are mistaken in this view of the system of procedure adopted in New York, and of the defenses admissible according to it under a general denial in an action upon a contract, our conclusion would not be changed in the present case. Here the action is upon a contract which, according to the view of the judge who tried the case, was a corrupt one, forbidden by morality and public policy. We shall hereafter examine into the correctness of this view. Assuming for the present that it was a sound one, the objection to a recovery could not be obviated or waived by any system of pleading, or even by the express stipulation of the parties. It was one which the court itself was bound to raise in the interest of the due administration of justice. The court will not listen to claims founded upon services rendered in violation of common decency, public morality, or the law." It will be noticed in this opinion that the court, in speaking of this

Vol. 21 S. D. 27

defense, says: "It was one which the court itself was bound to raise in the interest of the due administration of justice. The court will not listen to claims founded upon services rendered in violation of common decency, public morality, or the law." It being clear, therefore, from the complaint and the evidence introduced in support of it in the case at bar, that the contract alleged here and admitted to be proved was in violation of the Constitution, it was the duty of the trial court, without any motion on the part of the defendants, to declare such a contract void, and to deny plaintiff any relief on this illegal and void contract. This court cannot with propriety affirm a judgment which appears to have been founded upon a contract made in violation of the Constitution, even if the parties themselves were to stipulate that such a judgment may be rendered. As was said in the case of Oscanyan v. Arms Co., supra: "The objection to a recovery could not be obviated or waived by any system of pleading, or even by the express stipulation of the parties."

In our opinion, therefore, the judgment of the court below should be reversed as to the three mining corporations; but as it does not affirmatively appear from the record that the stock which defendant Crabtree agreed to deliver to the plaintiff was not his own individual property, the judgment as against him must be affirmed, as we must presume in support of the judgment of the court below, and in the absence of any proof to the contrary, that the stock he contracted to deliver to the plaintiff was his own individual property. The judgment therefore as to defendant Crabtree is affirmed.

HANEY, J. (dissenting). The judgment should be affirmed as to all the defendants.