(57 Misc. Rep. 172.)

### HARRIS v. WELLS.

(Supreme Court, Special Term, New York County. December, 1907.)

CORPORATIONS—STOCK SUBSCRIPTIONS—RIGHT OF ACTION.

   Where a trustee in bankruptcy sued on an unpaid subscription to the stock of a bankrupt, alleging an express promise on the part of defendant to pay, the action was sustainable.

Action by Joseph Harris, trustee in bankruptcy of the Pequod Brewing Company, against Arthur Wells. On demurrer to second cause of action. Overruled.

Laurence A. Tanzer, for plaintiff.
Joseph J. Meyers, for defendant.

BISCHOFF, J. The plaintiff, as trustee in bankruptcy of a domestic corporation, alleges for the second cause of action, to which the demurrer is interposed, that the corporation "caused to be issued and did issue to the defendant, at the defendant's special instance and request, 276 shares of the common stock of the said corporation, of the par value of $100 each, and the said stock was duly delivered to and accepted by the defendant." Following this are allegations to the effect that the defendant, upon demand, has failed to pay the agreed sum; and it is also alleged that the debts of the bankrupt corporation, contracted while the stock was held by the defendant, exceed the sum remaining unpaid by him, and that the payment of this amount is necessary for the payment of the debts.

The defendant's contention, upon his demurrer to this cause of action for insufficiency, is that the action is to enforce the liability of a stockholder for an unpaid subscription to stock, under section 54 of the stock corporation law (Laws 1892, p. 1841, c. 688), a liability which supports a cause of action in favor of the creditors, but not of the corporation or of its trustee in bankruptcy. The argument against the sufficiency of the cause of action overlooks the averments of an express promise made by the defendant to the corporation to pay for the stock so issued to him. According to the adjudications in this state a cause of action upon an unpaid subscription to stock, when based merely upon the implied promise of the stockholder to make the payment, does not accrue to the corporation; but, where there has been an express promise, that promise may be enforced by action as in the case of any other contract liability. Rochester & K. F. Land Co. v. Raymond, 158 N. Y. 576, 583, 53 N. E. 507, 47 L. R. A. 246. In other jurisdictions, where a right of action upon the implied promise merely is upheld, that promise may be enforced by the ordinary form of action in assumpsit (1 Thomp. Corp. § 1138); and the right of action devolves upon a trustee in bankruptcy (Sanger v. Upton,

91 U. S. 56, 23 L. Ed. 220). Within this rule, and giving effect to the limitations upon it, as expressed by the authorities in this state, the trustee in bankruptcy certainly succeeds to a cause of action existing in favor of the bankrupt corporation upon an express agreement by the stockholder to pay for the stock delivered to him; and the same result was reached in the case of President, Directors, etc., v. Hurtin, 9 Johns. 217, 6 Am. Dec. 273, where it was held that the corporation might maintain an action upon a promissory note given by a purchaser of stock for the purchase price; the latter case being ample authority for the proposition that the liability of a stockholder, where there has been an express promise to the corporation, is one which the corporation may enforce. Necessarily, the upholding of such a cause of action as this does not involve a double recovery, because, upon the defendant's payment to the corporation, or to its trustee in bankruptcy, of the amount of the unpaid purchase price of the stock, he is no longer liable to creditors as for an unpaid subscription under section 54 of the stock corporation law.

The demurrer is therefore overruled, with costs, with leave to the defendant to plead over upon payment of costs within 20 days.

Demurrer overruled, with costs, with leave to defendant to plead over upon payment of costs within 20 days. ...　.　.　.