colored men, he might have saved the plaintiff's baggage. But he was not bound to do this; he was only bound to use his best judgment. In times of excitement, like this, everybody is giving advice. The person in charge must think and decide with great swiftness, and he cannot always see that the advice which is offered is good; he cannot pick out the good advice from the bad. His rapid survey of the situation takes in and weighs many elements that the bystander does not know of and does not consider. The agent's first thought in this instance was to put out the fire and save the station; this was uppermost in his mind. He was custodian of the baggage, and it was for him to determine whether or not it would be proper to permit these four strange men to pull it out into the darkness, where he could no longer guard it. He had to glance about him and decide this question instantly. That these men were colored men signifies, of course, absolutely nothing in a legal sense. All races look alike before the law, and these men were, in truth, as the proof shows, honorable men; but the fact that they were colored men may have operated upon the agent in his hasty determination as to the proper course to pursue. After the thing has happened, it is easy to see what ought to have been done. Justice Brewer once said:

"A wisdom born after the event, is the cheapest of all wisdom. Anybody could have discovered America after 1492."

It was an error of judgment, not negligence, of which the agent was guilty, if he was guilty at all.

I think the judgment should be reversed, because of the failure of the plaintiff to establish the negligence of the defendant, and a new trial granted.

---

## LAMPHEAR v. LANG.

(Supreme Court, Appellate Division, Fourth Department. May 7, 1913.)

1. CORPORATIONS (§ 99*)—STOCKHOLDERS—LIABILITY.

Under Stock Corporation Law (Consol. Laws 1909, c. 59) § 55, providing that no corporation shall issue stocks or bonds, except for money, labor done, or property actually received, for the use and lawful purposes of the corporation, corporate stock cannot be given in payment of promotion services.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 444–446; Dec. Dig. § 99.*]

2. CORPORATIONS (§ 332*)—DIRECTORS—LIABILITY OF DIRECTORS.

Where the directors of a corporation voted themselves corporate stock in payment of promotion services, contrary to Stock Corporation Law (Consol. Laws 1909, c. 59) § 55, they are guilty of a conversion of the assets of the corporation, of which they are trustees, and are therefore liable to the creditors of the corporation for the value of such stock, regardless of any promise to pay.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1450; Dec. Dig. § 332.*]

3. ACTION (§ 28*)—CONTRACT OR TORT—LIABILITY FOR CONVERSION OF CORPORATE STOCK.

Where the directors of a corporation were guilty of conversion in issuing to themselves stock in payment of promotion services, the receiver

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the corporation, upon insolvency, may either bring a tort action for conversion or waive the tort and recover on the implied contract.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 196–215; Dec. Dig. § 28.*]

4. CORPORATIONS (§ 332*)—DIRECTORS—LIABILITY.

Where the directors of a corporation converted its assets by issuing to themselves, without consideration, stock which was selling at par, they are liable to creditors of the corporation for the par value of the stock, both at common law and under Stock Corporation Law (Consol. Laws 1909, c. 59) § 56, providing that every holder of capital stock, not paid in full, shall be personally liable to the creditors in an amount equal to the amount unpaid on the stock.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1450; Dec. Dig. § 332.*]

Foote, J., dissenting.

Appeal from Chautauqua County Court.

Action by Loren J. Lamphear, as receiver of the Canadaway Fertilizer Company, against Louis J. Lang. From a judgment for plaintiff, and an order denying his motion for new trial, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and KRUSE, ROBSON, FOOTE, and LAMBERT, JJ.

Joseph C. White, of Dunkirk, for appellant.

Thomas H. Larkins, of Dunkirk, for respondent.

LAMBERT, J. Appellant brings this action as receiver to recover the value of 10 shares of capital stock of the Canadaway Fertilizer Company, issued to the defendant. Upon a trial a verdict was directed for the respondent.

Without reviewing the evidence in detail, it may be fairly said that the proof given in this action justifies the conclusion that this stock was issued to appellant without other payment therefor than services performed in launching the corporation and arranging for the commencement of the business enterprise. Appellant was one of seven directors, and the first certificates of stock were seven in number, for 10 shares each, one to each of these directors. About four months after these certificates bear date, the board of directors, by resolution, voted the issuance of these certificates, reciting that they were issued in payment for services rendered; but it appears that, as above stated, any services rendered were purely promotion services.

[1] It is provided by section 55 of the Stock Corporation Law (chapter 61, Laws of 1909 [Consol. Laws 1909, c. 59]) that no corporation shall issue either stocks or bonds, except for money, labor done, or property actually received, for the use and lawful purposes of such corporation; and by section 56 of the same law it is provided that every holder of capital stock not fully paid, in any stock corporation, shall be personally liable to creditors, in an amount equal to the amount unpaid on the stock held by him, for debts of the corporation contracted by the corporation while such stock was held by him. It will thus be seen·that the statute is so worded as to preclude the payment for promotion services, because it in express terms provides that

stock shall not be issued, except for money paid to, or work done for, or property actually received by, the corporation; and the courts have so construed it. Herbert v. Duryea, 34 App. Div. 478, 54 N. Y. Supp. 311, affirmed 164 N. Y. 596, 58 N. E. 1088; Stevens v. Episcopal Church Historical Co., 140 App. Div. 570, 125 N. Y. Supp. 573.

[2, 3] The question of appellant's liability must turn, then, upon the effect of a transfer of stock to him while acting as a director of the corporation, without any payment therefor by him. Had Lang not been a director, very likely it could not be held that by accepting the gratuitous transfer he obligated himself to pay therefor. But, being a director, he was charged by law with the trust to preserve and protect the assets of the corporation for the benefit of creditors and stockholders. The issuance of stock by the directors was both a representation and covenant that its par value had been passed to the corporation and stood as an asset for the protection of creditors, in their dealings with the corporation. The power to issue the stock was vested in the directors; but they had that power only to the extent of issuing it for permitted lawful purposes. They were not only not permitted, but were prohibited, by law from issuing it for promotion services, and when they did so issue it, and to themselves, there was, as a matter of law, a resulting conversion of the assets of the corporation to that extent. Upon receipt of the certificate in question, Mr. Lang became vested with the portion of the assets of the company represented thereby, and for which he paid nothing. This was clearly a conversion, and gave to the receiver the option of bringing an action for the tort, or of waiving the tort, and relying upon the implied contract underlying the same.

The appellant contends that he cannot be made liable as a purchaser of the stock in controversy upon any theory other than that there was an express promise to pay for the same. In support of that contention, he relies upon a line of judicial authority expressed in Christensen v. Eno, 106 N. Y. 97, 12 N. E. 648, 60 Am. Rep. 429, and Southworth v. Morgan, 205 N. Y. 293, 98 N. E. 490. The doctrine of liability expressed in those cases is clearly distinguishable from the rule of liability fixed in the Herbert and Church Cases cited above, and fixed by the sections of the Corporation Law to which attention has been drawn. In the line of cases relied upon by the appellant, it is to be observed that the stock was passed to persons outside of the corporation, and it was, under those circumstances, quite properly held that liability to pay must rest upon a promise. That situation does not pertain here. In the present case the directors, by their own official acts, passed to themselves $7,000 of the stock of the corporation which they were elected to administer for the benefit of creditors and stockholders of the corporation. Lang took this stock without paying for it, and now defends on the ground that he did not promise to pay and hence creditors are remediless. The directors were trustees of an express trust. When they omitted to promise to pay for the property of the corporation, which they took, the law spoke for them and made the promise.

[4] As before said, under the circumstances existing, the receiver, for the benefit of creditors, could sue for a conversion, or waive the

tort and sue to recover the par value of the stock. The statute fixed the extent of liability, in a case of this description, when it provided that every holder of stock should be personally liable to its creditors, to an amount equal to the amount of stock held by him, for debts of the corporation contracted by the corporation while such stock was held by him. Even without such statutory provision, there was evidence in the case justifying the trial court in directing a verdict for the par value of the stock. It appears that stock was sold to subscribers at par shortly after the issuance of the certificate in controversy. This furnishes evidence of the value of this stock.

It follows that the judgment and order appealed from should be affirmed, with costs. All concur, KRUSE, J., in result only, except FOOTE, J., who dissents.