The B. & C. Electrical Construction Company, Respondent, *v.* William H. Owen, Appellant.

Fourth Department, January 10, 1917.

Corporations — issue of stock — consideration — duties to be performed as officer.

It is illegal for a corporation to issue stock to a person upon the sole consideration that he become president and act as such for the ensuing year so that the corporation shall have the benefit of his business and financial standing.

An action lies to compel the surrender and cancellation of stock so issued.

Appeal by the defendant, William H. Owen, from a judgment of the Supreme Court in favor of the plaintiff, entered

in the office of the clerk of the county of Oneida on the 25th day of January, 1915, upon the decision of the court after a trial at the Oneida Special Term.

The judgment directed defendant to surrender a certain stock certificate for cancellation.

*William A. Buckner*, for the appellant.

*Henry F. & James Coupe*, for the respondent.

KRUSE, P. J.:

The defendant contends that his testator was induced to become president of the plaintiff because of his business and financial standing, to give credit to the company, with the agreement that the plaintiff was to issue to the deceased sixteen shares of its stock for services to be performed as president for the ensuing year after his election. That is the only consideration for the stock.

The learned trial judge held that the certificate was fraudulently and unlawfully issued and never had a legal existence, and directed its cancellation.

I think he was right in so holding. Stock may be issued for property or work done, but not for services to be rendered in the future. (*Herbert* v. *Duryea*, 34 App. Div. 478; affd., 164 N. Y. 596; *Morgan* v. *Bon Bon Co., Inc.*, 165 App. Div. 89; Stock Corp. Law [Consol. Laws, chap. 59; Laws of 1909, chap. 61], § 55.) While a certificate of stock regular upon its face, issued by officers or agents having authority to issue stock for the corporation, may in the hands of an innocent transferee become effective, as was held in the famous case of *New York & New Haven R. R. Co.* v. *Schuyler* (34 N. Y. 30), this certificate in the hands of the original holder was valueless. It was, in effect, like so much blank paper.

We have considered all of the points urged for reversal, but have reached the conclusion that the judgment should be affirmed.

The judgment is, therefore, affirmed, with costs.

All concurred, except DE ANGELIS, J., not voting.

Judgment affirmed, with costs.