WILLIAM S. BROWN, as Trustee in Bankruptcy of FLOOD AND WATSON, INC., Appellant, *v.* WALLACE N. WATSON et al., Respondents.

First Department, April 12, 1955.

*Benjamin Brownstein* of counsel (*Harold Young* with him on the brief; *Siegel & Brownstein,* attorneys), for appellant.

*Cyril D. Wagner* for Wallace N. Watson, respondent.

*Sidney G. Madenberg* for William F. Lang, respondent.

*Per Curiam.* The issuance of the stock of the corporation in return for entering the corporation's employ was a violation of section 69 of the Stock Corporation Law (*Stevens* v. *Episcopal Church History Co.,* 140 App. Div. 570; *B & C Elec. Constr. Co.* v. *Owen,* 176 App. Div. 399, affd. 227 N. Y. 569; *Palmer* v. *Scheftel,* 183 App. Div. 77; *Shaw* v. *Ansaldi Co.,* 178 App. Div. 589). While it may be said that special knowledge, experience and contacts in a particular field is something of value, nevertheless it may not be considered as " property " within the meaning of section 69. To broaden the section so as to include peculiar knowledge and experience as valid consideration for the issuance of stock would undermine present law and require appropriate legislative action.

By issuing the stock of the corporation without valid consideration the directors committed a wrong for which they must be held responsible to the extent of the par value of the stock issued (*Lamphere* v. *Lang,* 157 App. Div. 306, revd. on a different point, 213 N. Y. 585).

Accordingly, the first cause of action should not have been dismissed. The second cause of action against recipients of the stock was properly dismissed since in the case of a mere holder of stock for which no consideration permitted by section 69 of the Stock Corporation Law has been paid recovery will not lie at the suit of a trustee in bankruptcy. (*Breck* v. *Brewster,* 153 App. Div. 800; cf. *Matter of Berler Shoe Co.,* 246 Fed. 1018; *Harris* v. *Wells,* 57 Misc. 172, affd. 126 App. Div. 911; 13 Fletcher's Cyclopedia Corporations [1943 rev. vol.], § 6496.)

While it would appear that under the first cause of action plaintiff may be entitled to recover up to the full amount of the par value of the stock from Watson it is not clear on this record that Watson is liable to that extent. It is not clear that plaintiff, as trustee in bankruptcy represents sufficient creditors, or such creditors who are not estopped by reason of their own conduct and participation in the wrongful issuance or receipt of the stock, which would establish loss or damage to the corporation or its creditors up to the maximum liability of defendant Watson.

It should be observed that recovery under section 60 of the General Corporation Law, based upon a violation of section 69 of the Stock Corporation Law, is a recovery in the nature of damages for loss or waste resulting from the wrongful acts. It is not necessary to an interpretation of the statute and it would not make sense or equity to exact damages from Watson with the result only of distributing those damages, or a substantial portion of them, among persons who also received stock without valid consideration and some or all of whom may have done exactly what Watson did, namely, improperly authorize issuance of the stock in violation of section 69 of the Stock Corporation Law. While we hold that Watson may be liable to the amount of the par value, it does not mean, in the peculiar circumstances of this case, that the corporation or its creditors or its stockholders suffered a loss or damage to that extent.

Only a full disclosure of all facts relating to the obligations of the corporation, its debts, its creditors, and its bona fide stockholders will make it possible for the court to reach a final and equitable disposition.

The judgment dismissing the complaint, with costs, in favor of defendant Lang should be modified so as to limit the dismissal of the complaint to defendant Lang and, as so modified, the judgment should be affirmed, with costs.

The judgment dismissing the complaint, with costs, in favor of defendant Watson insofar as appealed from, should be reversed, the action severed and the matter remitted to Special Term for a trial on the issue of damages in accordance with this opinion, with costs to abide the event.

PECK, P. J., CALLAHAN, BREITEL, BASTOW and RABIN, JJ., concur.

Judgment dismissing the complaint, with costs in favor of defendant Lang, unanimously modified so as to limit the dismissal of the complaint to defendant Lang and, as so modified, affirmed, with costs. Judgment dismissing the complaint, with costs in favor of the defendant Watson, so far as appealed from, unanimously reversed, the action severed and the matter remitted to Special Term for a trial on the issue of damages in accordance with the opinion herein, with costs to abide the event. Settle order on notice.